Case 1:06-cv-02361-RLV   Document 34   Filed 06/18/07   Page 1 of 6

FILED IN CHAMBERS
U.S.D.C. Rome

JUN 18 2007

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KEVIN J. MARKS and CATHRYN B. MARKS,

        Plaintiffs,

v.

LANDSTAR LIGON, INC.; LANDSTAR SYSTEM, INC.; JOHN EDWARD BROWN; WEBB WHEEL PRODUCTS, INC.; GUTHRIE FLEET SERVICES, INC.; and JOHNNY K'S DIESEL TRUCK AND TRAILER REPAIR, INC.,

        Defendants.

CIVIL ACTION

NO. 1:06-CV-2361-RLV

O R D E R

This is a diversity tort action arising out of injuries sustained by Kevin J. Marks on October 12, 2005 while working as a surveyor in the median of I-85 in Fulton County, Georgia. Marks was struck by a wheel that came off a tractor-trailer traveling on the highway. The plaintiffs have filed this negligence action against the tractor-trailer's operator, his employer, the manufacturer of an allegedly defective brake drum, and two truck maintenance companies. Pending before the court is a Motion to Intervene [Doc. No. 21] by Transportation Insurance Co.

("Transportation"),[1] the workers' compensation insurer for Marks' employer.

Transportation seeks to intervene in this action to enforce a statutory subrogation lien. The plaintiffs object to having Transportation intervene on the grounds that the criteria for intervention pursuant to Federal Rule of Civil Procedure 24 have not been met. Transportation asserts that it has a right to intervene pursuant to O.G.C.A. § 9-11-24, Georgia's intervention rule. However, federal law, not state law, applies to determine procedural issues in this diversity action. See Burke v. Smith, 252 F.3d 1260, 1265-66 (11th Cir. 2001). Accordingly, this court looks to Federal Rule of Civil Procedure 24 to determine whether to grant the motion.

Rule 24(a) provides for an intervention of right and in pertinent part states:

> Upon timely application anyone shall be permitted to intervene in an action . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

---

[1] Although Transportation failed to properly file a memorandum of law in support of its motion in accordance with Local Rule 7.1(A)(1), this court uses its discretion to waive that requirement in this single instance.

Accordingly, this court must determine (1) whether Transportation has an interest related to this suit, (2) whether that interest will be impaired if Transportation is not permitted to intervene, and (3) whether the plaintiffs can adequately represent Transportation's interests. Also, this court must determine whether Transportation's motion, even if meets the criteria set out in Rule 24, is premature.

Transportation asserts that it has an interest in this case based on a statutory subrogation lien that it has pursuant to O.G.C.A. § 34-9-11.1 because of the benefits paid to Marks under his employer's workers' compensation insurance policy. In essence, § 34-9-11.1 allows an employee who is injured and entitled to workers' compensation benefits to file a cause of action against a third-party tortfeasor. Also, § 34-9-11.1(b) provides that in such third-party tort action the workers' compensation insurer has a subrogation lien for any benefits paid to the employee. See Anthem Cas. Ins. Co. v. Murray, 246 Ga. App. 778, 779 (2000).

Notably, the Georgia state law providing for an insurer's subrogation lien is such that it can be enforced only if the insurer intervenes in the employee's suit. Canal Ins. Co. v. Liberty Mutual Ins. Co., 256 Ga. App. 866, 869 (2002). Also, Transportation can seek to intervene to enforce its lien even

though the plaintiff has not yet been fully and completely compensated. The Georgia courts have interpreted the subrogation lien law, O.G.C.A. § 34-9-11.1,[2] in such a way as to create two distinguishable rights on the part of the employer's insurer. There is a right to intervene and there is a right to recovery. Both arise after different conditions have been met. The right to intervene arises when an employer or its insurer may assert a subrogation lien pursuant to O.C.G.A. § 34-9-11.1(b). The right to recover, or enforce that lien, arises only after the employee has been fully and completely compensated. <u>Georgia Elec. Membership Corp. v. Hi-Ranger, Inc.</u>, 275 Ga. 197, 198 (2002). Consequently, there are two distinct rights on the part of Transportation with respect to its subrogation lien. The first right, the right to

---

[2] In relevant part, the specific statute states:

> In the event an employee has a right of action against such other person . . . and the employer's liability under this chapter has been fully or partially paid, then the employer or such employer's insurer shall have a subrogation lien, not to exceed the actual amount of compensation paid pursuant to this chapter, against such recovery. The employer or insurer may intervene in any action to protect and enforce such lien. However, the employer's or insurer's recovery under this Code section shall be limited to the recovery of the amount of disability benefits, death benefits, and medical expenses paid under this chapter and shall only be recoverable if the injured employee has been fully and completely compensated.

O.C.G.A. § 34-9-11.1(b).

intervene, is clearly established under Georgia law and affords the movant a right to intervene in this tort action. The second right, the right to recover, imposes a duty upon Transportation to establish that the plaintiffs have been fully and completely compensated through the recovery awarded by the trial verdict before it can recover on its lien. See Anthem Cas. Ins. Co., 246 Ga. App. at 780.

Applying the criteria set out in Rule 24, this court concludes that Transportation has a right to intervene in this case. First, Transportation has an interest in this case pursuant to its statutory subrogation lien set forth in § 34-9-11.1(b). Second, its interest would be impaired if it were not allowed to intervene because § 34-9-11.1(b) requires intervention to enforce a subrogation lien. See, e.g., Canal Ins. Co., 256 Ga. App. at 869. Third, the plaintiffs cannot adequately represent Transportation's interest because Transportation is the only party able to enforce its subrogation lien and protect its interests.

Also, the plaintiffs fail to make a showing of precisely how intervention at this juncture would delay or complicate the proceedings. Moreover, the plaintiffs' assertion that Transportation could alternatively file a separate suit is wrong as a matter of law. Section 34-9-11.1(b) clearly provides only a

5

limited avenue of recovery for an insurer: Transportation cannot file a separate suit unless the employee failed to file an action. Canal Ins. Co., 256 Ga. App. at 869. Because the plaintiffs have filed this negligence action, Transportation's options are restricted to intervening and enforcing its subrogation lien against any recovery awarded to the plaintiffs in this case. See Id. Further, Transportation can seek to intervene and enforce its subrogation lien even though its right to recover has not yet arisen since the right to intervene is separate and precedent to the right to recover. Georgia Elec. Membership Corp., 275 Ga. at 198. Thus, Transportation would be unduly prejudiced if not allowed to intervene in this action. Therefore, this court concludes that the pending motion is not premature. See Georgia v. U.S. Army Corps of Engineers, 302 F.3d 1242, 1259 (11th Cir. 2002).

**CONCLUSION**

For the foregoing reasons, Transportation's Motion to Intervene [Doc. No. 21] is GRANTED.

SO ORDERED, this 18th day of June, 2007.

ROBERT L. VINING, JR.
Senior United States District Judge